UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD EDWARD LUTZ, | ) | CASE NO. 1:09 MC 91 |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| v. | ) | ORDER OF DISMISSAL |
| STATE OF OHIO, et al., | ) | |
| Defendants. | ) | |

On September 29, 2009, plaintiff pro se Ronald Edward Lutz, an inmate at the Richland Correctional Institution, filed this Miscellaneous Case against the State of Ohio, Judge Richard M. Markus, William David Mason, Richard Cordray and "Does, Roes, Moes 1-100." The primary document filed by plaintiff with the case is entitled "Removal/Complaint by Affidavit of Libellant." This document, which consists entirely of legal rhetoric, appears to challenge plaintiff's conviction in the Ohio Court of Common Pleas, and seeks compensatory damages.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; <u>Siller v. Dean</u>, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Accordingly, this case is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: November 13, 2009       *s/ James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE